IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| MARLON FOWLER, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| PINNACLE ASSET GROUP, LLC, | : | |
| Defendant. | : | |

## COMPLAINT

Marlon Fowler, by his attorney Ray Johnson, for his claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Marlon Fowler, is a natural persons now residing in Des Moines, Iowa.

4. Defendant, Pinnacle Asset Group LLC (hereinafter "Pinnacle") is a debt collector that conducts business in Iowa.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. Defendant is attempting to collect an alleged debt from Fowler.

7. On or about September 25, 20008, Defendant directly contacted Fowler's father. Defendant's debt collector identified himself as Mark Johnson. The debt collector then disclosed the existence of the alleged debt to Fowler's father and stated Pinnacle was going to file a claim in Polk County against Fowler.

8. After learning about the call to his father, Fowler contacted the debt collector. This was the first time Fowler spoke to Defendant. Defendant's debt collector stated he was attempting to collect a debt from a Chase credit card, and the card had charges from February, 2002 through the middle of 2004. The statements regarding charges on the alleged account were false and were made to falsely imply the account was not time-barred.

9. The debt collector then told Fowler that he received an affidavit by Chase to transfer the litigation, complaint, and subpoena to Fowler's place of employment. This threat was made to coerce Fowler to pay the alleged debt or face problems and embarrassment at his place of employment.

10. After Fowler's initial call with the Defendant, Defendant's same debt collector and another debt collector, calling himself Frank Tiamoni, repeatedly called Fowler. One of the calls

alluded to having the account go to a fast-track process through Polk County. There is no special "fast track" process for a collection lawsuit in Polk County.

11. Defendant made another call to Fowler stating it would refer the case to their legal counsel to obtain a lawsuit and judgment if Fowler did not call the Defendant back within 24 hours. The representation was false or misleading and was intended to create a false sense of urgency.

12. Defendant made another debt collection call stating that Defendant had its legal receptionist draft up correspondence to Fowler's address. Defendant's debt collector stated Fowler had until October 17, 2008 to produce certified funds for a settlement. The debt collector then stated he would refer the case to a New York attorney for a breach of contract claim if no settlement was reached by October 17, 2008. The statements were false or misleading.

13. Defendant called Fowler again on October 2, 2008. Defendant's debt collector stated that Fowler had a lack of integrity and was unwilling to settle. Defendant stated once again it would be filing a lawsuit and judgment against Fowler and the lawsuit would be filed in "fast track" for Polk County.

14. Defendant has not filed a lawsuit against Fowler related to the alleged debt and had no intention of filing a lawsuit in Polk County. Furthermore, the alleged debt is time-barred and Defendant has no right to file such a lawsuit.

## V. FIRST CLAIM FOR RELIEF

15. All facts and allegations of this Complaint are incorporated herein by reference.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692(e)(2)(A) by making a false representation regarding the character, amount, or legal status of a debt.

   b. Defendant violated 15 U.S.C. § 1692(b)(1) by communicating with a person other than the consumer for purposes other than correcting location information.

   c. Defendant violated 15 U.S.C. § 1692(c)(b) by contacting third-parties while attempting to collect the debt.

   d. Defendant violated 15 U.S.C. § 1692(e)(5) by threatening to take an action that cannot be taken or that is not intended to be taken.

   e. Defendant violated 15 U.S.C. § 1692(g) by failing to send a written "g" notice after the initial communication.

17. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

18. All facts and allegations of this Complaint are incorporated herein by reference.

19. Fowler's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

20. With regard to the attempts to collect from Fowler as alleged herein, Defendant was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

21. Defendant violated the State Act. The foregoing acts, omissions and practices of the Defendant were violations of Iowa Code § 537.7103, including but not limited to:

   a. Defendant violated Iowa Code § 537.7103(3)(a) by communicating or implying the fact of a debt to a person other than the debtor.

b. Defendant violated Iowa Code § 537.7103(4)(e) by making a representation that tends to create a false impression of the character, extent, or amount of a debt, or its status in a legal proceeding.

c. Defendant violated Iowa Code § 537.7103(1)(f) by taking an action, or threatening to take an action prohibited by Iowa Code chapter 537.7103 or any other law.

22. As a proximate result of the unfair debt collection, Plaintiff has suffered actual damages and injury for which he should be compensated in an amount to be proven at trial.

## VII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A. Actual and statutory damages pursuant to 15 U.S.C. § 1692k.

B. Actual and statutory damages pursuant to Iowa Code § 537.5201(1).

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com